# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARISTOTLE PAPAIOANNOU *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> HAIR SPA LA LLC <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: <br><br> **Class Action Complaint** <br><br> Jury Trial Demanded |

## Nature of this Action

1. Aristotle Papaioannou ("Plaintiff") brings this class action against Hair Spa LA LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone in this district, and Plaintiff received the subject text

1

messages in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in this District.

7. Defendant is a limited liability company.

## Factual Allegations

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff's cellular telephone number is 810-814-XXXX.

10. Plaintiff personally listed his telephone number on the National Do-Not-Call Registry on September 27, 2024, and has not removed it from the Registry since that time.

11. Plaintiff uses this telephone number for personal, residential, and household purposes.

12. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

13. Nevertheless, Plaintiff has received more than twelve (12) text message solicitations from Defendant over the last twelve (12) months.

14. For example, on October 10, 2024, at 4:47 AM, Plaintiff received a text message solicitation to his cellular telephone, 810-814-XXXX, from, or on behalf of Defendant.

15. This text message came from telephone number 844-216-0742.

16. That message reads as follows:

> grow your hair 1' inch in 1 month over 6000 5 star reviews START GROWING code (longesthair) 40% off @ check out the website https://hairspala.com Reply stop to STOP

17. Plaintiff has never been a customer of Defendant's, nor was he interested in Defendant's products or services.

18. Plaintiff did not provide prior express consent, either written or oral, to receive text

message solicitations on his cellular phone from, or on behalf of, Defendant.

19. On or about November 19, 2024, Plaintiff received a text message solicitation to his cellular telephone, 810-814-XXXX, from, or on behalf of Defendant.

20. This text message came from telephone number 833-766-5750.

21. That message reads as follows:

> Want to grow your hair or daughters hair START GROWING TODAY use code (1inch1month) for 40% off at check out Shop Now https://hairspala.com Reply stop to STOP

22. On or about November 24, 2024, at 10:08 AM, Plaintiff replied with the instruction to "STOP" as advised in Defendant's solicitation text message.

23. On or about November 24, 2024, at 10:08 AM, Defendant sent a text message confirming that it had received Plaintiff's stop instruction and confirmed that Plaintiff would not receive any further texts from Defendant.

24. This text message came from telephone number 833-766-5750

25. That message reads as follows:

> NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" or "start" to receive messages again.

26. Despite confirming Plaintiff's stop request and stating that Plaintiff would not receive any further text messages. Plaintiff received the following text message solicitation on or about January 24, 2025, at 2:21 p.m. from, or on behalf of, Defendant:

> Want to grow your hair or daughters hair START GROWING TODAY use code (1inch1month) for 40% off at check out Shop Now https://hairspala.com TxtStop2End

27. Plaintiff continued to receive harassing and persistent text message solicitations from Defendant including but not limited to the following dates:

    i. January 25, 2025, at 6:23 PM

    ii. January 26, 2025, at 2:53 PM

3

iii. January 29, 2025, at 11:55 PM

28. The above referenced text messages came from telephone number: 866-313-1265

29. These text messages were all sent for the purpose of advertising Defendant's products and services.

30. Plaintiff was annoyed and harassed by the repeated spam text message solicitation messages from Defendant and Defendant's noncompliance with his stop request.

31. As demonstrated by the above messages, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

32. As demonstrated by the above messages, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

33. As demonstrated by the above messages, Defendant does not honor consumer requests to opt-out of text message solicitations.

34. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message Plaintiff.

35. This was even after Defendant had confirmed Plaintiff's opt-out request.

36. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

37. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

38. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

39. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected

4

by the fact that Plaintiff made opt-out requests and that those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

40. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and Class members. Defendant also has access to text message logs showing Plaintiff's and Class members' inbound opt-out requests.

41. Plaintiff and Class Members revoked any consent they may have previously provided to Defendant by replying with a "STOP" or similar opt-out instruction in response to Defendant's text messages.

42. Defendant's text messages caused Plaintiff and Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## Class Action Allegations

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one call from or on behalf of Defendant promoting their goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Early/Late Calls Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) who received more than one call from or on behalf of Defendant promoting their goods or services, (2) within any 12-month period (3) before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

5

> **Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who had previously asked for the calls to stop and (4) within the four years prior to the filing of the Complaint.

45. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

47. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

48. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

49. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate

over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

    c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

50.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

51.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive

of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

   d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the National DNC Class and Early/Late Call Class)**

52. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

54. It is also a separate violation to place calls before 8:00 AM or after 9:00 PM, as the Defendant did for some of the text messages received by Plaintiff.

55. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

56. These violations were willful or knowing.

57. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

58. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))**
**(On Behalf of Plaintiff and the Internal Do Not Call Registry Class)**

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the classes as alleged herein;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned as counsel for the Classes;

D. Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: February 10, 2025

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com